Andrew C. Schwartz (State Bar No. 64578)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Patrick Emery, Esq.
**ABBEY, WEITZENBERG, WARREN & EMERY**
100 Stony Point Road, Ste. 200
Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050
Facsimile: (707) 542-2589

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JEREMIAH CHASS, MARK CHASS, YVETTE CHASS, and I. C., a minor, by and through his Guardian Ad Litem, YVETTE CHASS,<br><br>   Plaintiffs,<br><br>vs.<br><br>COUNTY OF SONOMA, BILL COGBILL, in his individual capacity and in his official capacity as Sheriff for the COUNTY OF SONOMA, SONOMA COUNTY DEPUTY SHERIFF JOHN MISITA, SONOMA COUNTY DEPUTY SHERIFF JIM RYAN, and DOES 1 through 50,<br><br>   Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>(Violation of Civil Rights, Wrongful Death)<br><br>JURY TRIAL DEMANDED |

**JURISDICTION AND VENUE**

1. This complaint alleges violations of the constitutional rights of JEREMIAH CHASS, deceased, and of the members of his immediate family. The complaint seeks

1 remedies pursuant to Title 42, United States Code, section 1983 and California statutory and common law. Jurisdiction is conferred upon the United States District Court by Title 28, United States Code, sections 1331 and 1343. The actions giving rise to defendants' liability, as alleged in this complaint, occurred in the City of Sebastopol, County of Sonoma, State of California. Venue is therefore proper in the Northern District pursuant to Title 28, United States Code, section 1391(b), and in the Oakland or San Francisco Division pursuant to Local Rule 3-2(d).

2. Plaintiffs have filed administrative tort claims with the COUNTY OF SONOMA and have satisfied all conditions precedent to an action for wrongful death and negligent infliction of emotional distress against the COUNTY OF SONOMA under California law.

3. Plaintiffs hereby demand a jury trial in this action.

**IDENTIFICATION OF PARTIES**

4. JEREMIAH CHASS, an ill teenager, was killed by two SONOMA COUNTY Deputy Sheriffs in the presence of his parents and younger brother.

5. JEREMIAH CHASS died without leaving a will. To the extent this action seeks to recover damages for violations of rights personal to JEREMIAH CHASS, this action is maintained on behalf of the ESTATE OF JEREMIAH CHASS by his successors in interest, MARK CHASS and YVETTE CHASS.

6. Plaintiff MARK CHASS is the adoptive father of JEREMIAH CHASS. MARK CHASS brings this action in his personal capacity, and as successor in interest to the ESTATE OF JEREMIAH CHASS.

7. Plaintiff YVETTE CHASS is the mother of JEREMIAH CHASS. YVETTE CHASS brings this action in her personal capacity, and as successor in interest to the ESTATE OF JEREMIAH CHASS, and as the Guardian Ad Litem of the minor plaintiff, I. C.

8. I. C., a minor, is the child of MARK CHASS and YVETTE CHASS, and brings this action in his personal capacity by and through his guardian ad litem, YVETTE CHASS.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Chass v. County of Sonoma, et al.*   Page 2
COMPLAINT FOR DAMAGES

9. Defendant COUNTY OF SONOMA is a public entity, duly organized and existing under the laws of the State of California. The COUNTY OF SONOMA operates under its authority the Sonoma County Sheriff's Department.

10. At all relevant times, defendant BILL COGBILL was the Sheriff for the COUNTY OF SONOMA. In committing the acts and omissions alleged in this complaint, BILL COGBILL was acting under color of law and within the course and scope of his employment as Sheriff for the COUNTY OF SONOMA. As Sheriff, BILL COGBILL was an official with final policy-making authority regarding the supervision, discipline, and training of Sheriff's deputies for the COUNTY OF SONOMA.

11. At all relevant times, defendant SONOMA COUNTY DEPUTY SHERIFF JOHN MISITA ("MISITA") was a Deputy Sheriff for the Sonoma County Sheriff's Department. In committing the acts and omissions alleged in this complaint, MISITA was acting under color of law and within the course and scope of his employment as a Deputy Sheriff for the COUNTY OF SONOMA.

12. At all relevant times, defendant SONOMA COUNTY DEPUTY SHERIFF JIM RYAN ("RYAN") was a Deputy Sheriff for the Sonoma County Sheriff's Department. In committing the acts and omissions alleged in this complaint, RYAN was acting under color of law and within the course and scope of his employment as a Deputy Sheriff for the COUNTY OF SONOMA.

13. Plaintiffs are ignorant of the true names and capacities of defendants DOES 1 through 50, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as described in this complaint. Plaintiffs will amend their complaint to state the true names and capacities of defendants DOES 1 through 50 when they have been ascertained. Any reference in this complaint to "defendant," "defendants," or to an individually-named defendant also refers to defendants DOES 1 through 50.

14. At all times mentioned in this complaint, each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Chass v. County of Sonoma, et al.*                                                                 Page 3
COMPLAINT FOR DAMAGES

remaining defendants, and in doing the things alleged in this complaint, was acting within the course and scope of this agency or employment.

## FACTS GIVING RISE TO THIS COMPLAINT

15. JEREMIAH CHASS was shot and killed by defendants MISITA and RYAN on March 12, 2007. At the time of his death, JEREMIAH CHASS was 16 years old, and a high school junior. He weighed approximately 135 pounds. JEREMIAH CHASS had no criminal record and no history of violent behavior. On March 12, 2007, he experienced symptoms of acute mental illness, and his parents sought to obtain appropriate emergency medical treatment.

16. Rather than assist the family in securing medical aid, MISITA and RYAN shot and killed JEREMIAH CHASS upon responding to the CHASS home. The use of deadly force by MISITA and RYAN was unreasonable under the circumstances, and constituted a violation of the constitutional and personal rights of JEREMIAH CHASS and of plaintiffs. MISITA and RYAN also used non-lethal force in a manner which was unreasonable and excessive under the circumstances, and which violated the constitutional and personal rights of JEREMIAH CHASS and of plaintiffs.

17. On the morning of March 12, JEREMIAH CHASS became irrational and despondent. Following the recommendation of the family's health care providers, MARK CHASS and YVETTE CHASS attempted to transport JEREMIAH CHASS for an emergency psychiatric observation. MARK CHASS contacted the Sebastopol Fire Department for EMT medical assistance to stabilize and transport JEREMIAH CHASS to the hospital. His call was transferred to the Sheriff's Department for SONOMA COUNTY, which dispatched defendants MISITA and RYAN to the CHASS' home.

18. When MISITA arrived at the CHASS' home, he found MARK, YVETTE, and I. C. in the family minivan with JEREMIAH CHASS. The minivan was parked in the home's driveway. JEREMIAH CHASS had obtained a wood working tool and had been making irrational statements. MARK CHASS and YVETTE CHASS had stabilized JEREMIAH CHASS with physical restraint and verbal communication prior to MISITA'S arrival.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Chass v. County of Sonoma, et al.*    Page 4
COMPLAINT FOR DAMAGES

19. Immediately upon arrival at the van, MISITA jumped inside the van and ordered JEREMIAH CHASS to drop the wood working tool. MISITA then sprayed JEREMIAH CHASS in the face with pepper spray, struck JEREMIAH CHASS with his baton, and used a head lock sufficient to cause a profuse nosebleed. MISITA took these actions with deliberate and reckless indifference to the rights of JEREMIAH CHASS and of plaintiffs.

20. I. C. was present in the van when MISITA was spraying and striking his brother. YVETTE CHASS removed I. C. from the car and carried him a few yards away from the van.

21. Defendant RYAN arrived to find I. C. in YVETTE CHASS' arms behind the van. Defendant RYAN ran toward the van and found defendant MISITA inside the van with JEREMIAH CHASS. With JEREMIAH CHASS flat on his back, and MARK CHASS in very close proximity to JEREMIAH CHASS, both deputies fired shots at JEREMIAH CHASS with their handguns from close range. A total of eight shots were fired by the two deputies with deliberate and wanton indifference to the rights of JEREMIAH CHASS and of plaintiffs. JEREMIAH CHASS died from multiple gunshot wounds.

22. Defendants and other members of law enforcement detained plaintiffs for many hours, not allowing contact or closure with their dead son, JEREMIAH CHASS; nor did they allow contact with friends who had been called and were waiting outside the property. MARK, YVETTE and I. C. were made to leave their home, after which time defendants conducted an extensive search of the CHASS family home. The body of JEREMIAH CHASS remained at the scene of the shooting for many hours after his death.

23. After these events, defendants caused the publication of self-serving reports that JEREMIAH CHASS had been shot because he was a deadly threat to his brother, to his parents, and to the responding Deputies. The dissemination of these reports by defendants demonstrated the intention of these defendants to exonerate MISITA and RYAN from responsibility for the reckless and unconstitutional killing of

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Chass v. County of Sonoma, et al.*                                                                                       Page 5
COMPLAINT FOR DAMAGES

JEREMIAH CHASS, and to deflect criticism or scrutiny of the professional practices of the Sonoma County Sheriff's Department, regardless of the true facts underlying this horrifically tragic and unnecessary death. Despite the dissemination of these reports, defendants have consistently refused to permit public scrutiny of any evidentiary materials or official records of the investigation, including recordings and transcripts of the communications between the CHASS family and the public agencies involved or transmissions from those agencies to the individual public employees who participated in these events.

24. Plaintiffs are informed and believe, and on that basis allege that defendants COUNTY OF SONOMA, BILL COGBILL, in his individual and official capacities, and DOES 1 through 50 have ratified and adopted the conduct of MISITA and RYAN, with deliberate and gross indifference to the rights of JEREMIAH CHASS and of plaintiffs.

25. Plaintiffs are informed and believe, and on that basis allege that defendants COUNTY OF SONOMA, BILL COGBILL and DOES 1 through 50 had prior notice and knowledge of other incidents involving the use of excessive force and the unjustified use of deadly force by MISITA and RYAN and other Deputies of the Sonoma County Sheriff's Department, particularly in situations where the victims of such excessive and deadly force displayed symptoms of mental illness. Despite this notice or knowledge, defendants failed to adequately train, supervise, and discipline Deputies for the Sonoma County Sheriff's Department with respect to encounters with citizens displaying acute symptoms and with respect to the use of force, including deadly force. The inadequate supervision, training, and discipline of Sonoma County Sheriff's Deputies regarding the use of force, including deadly force, and the ratification of the conduct of MISITA and RYAN in this case, demonstrates the existence of a de facto custom or policy that tolerates and promotes the use of excessive force and violations of constitutional rights. This de facto policy or custom was a substantial and proximate cause of the irresponsible and illegal use of force against JEREMIAH CHASS, and of the wrongful death of JEREMIAH CHASS.

26. Plaintiffs are informed and believe, and on that basis allege that defendants

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Chass v. County of Sonoma, et al.*  Page 6
COMPLAINT FOR DAMAGES

COUNTY OF SONOMA, BILL COGBILL, and DOES 1 through 50 had actual and/or constructive knowledge that the failure to adequately train, supervise, and discipline Deputies regarding encounters with citizens displaying symptoms of acute mental illness created a substantial risk of injury to such citizens and to the Deputies themselves, and of violations of personal and constitutional rights.  In failing to adequately train, supervise, and discipline Deputies to manage encounters with mentally ill persons safely and within professional law enforcement standards, defendants were deliberately indifferent to the substantial risk of violating such rights. The deliberate indifference of COUNTY OF SONOMA, BILL COGBILL, and DOES 1 through 50 was a substantial and proximate cause of the irresponsible and illegal use of force against JEREMIAH CHASS, and of the wrongful death of JEREMIAH CHASS.

## DAMAGES

27.  Plaintiffs MARK CHASS, YVETTE CHASS, and I. C., a minor, were physically, mentally, emotionally, and financially injured and damaged as a proximate result of the wrongful killing of JEREMIAH CHASS.  Plaintiffs have suffered the loss of decedent's society, comfort, protection, companionship, love, solace, affection, and moral support, as well as the cost of funeral and burial expenses.  Plaintiffs have also suffered the violation of their constitutional rights, and loss of the sense of security, dignity, and pride as citizens of the United States of America.  In addition to these damages, plaintiffs are entitled to recover the reasonable value of funeral expenses and expenses for the disposition of the remains of JEREMIAH CHASS.

28.  As a proximate result of defendants' conduct, prior to his death JEREMIAH CHASS suffered physical pain, emotional distress, violation of his constitutional rights, and the loss of the sense of security, dignity, and pride as a citizen of the United States of America.

29.  The conduct of defendants MISITA and RYAN, and of BILL COGBILL in his individual capacity, was malicious, wanton, and oppressive.  Plaintiffs therefore seek an award of punitive damages against these defendants.

30.  Plaintiffs found it necessary to engage the services of private counsel to

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Chass v. County of Sonoma, et al.*  Page 7
COMPLAINT FOR DAMAGES

vindicate their rights, and the rights of decedent under the law. Plaintiffs are therefore entitled to recover all attorney's fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

31. Plaintiffs MARK CHASS, YVETTE CHASS, and I. C. suffered terror, fear, worry, anxiety, and severe emotional distress as a proximate result of witnessing the unnecessary application of lethal and non-lethal force against JEREMIAH CHASS by defendants by MISITA and RYAN.

### FIRST CLAIM FOR RELIEF

### 42 U.S.C. Section 1983

### Violation of Decedent's Rights

### (Against Defendants JOHN MISITA and JIM RYAN and against Defendant COGBILL in his individual capacity)

32. Plaintiffs MARK CHASS and YVETTE CHASS, as successors in interest to the ESTATE OF JEREMIAH CHASS, reallege and incorporate by reference paragraphs 1 through 31 as though fully set forth in this cause of action.

33. Defendants JOHN MISITA and JIM RYAN acted under color of law in pepper spraying, striking, and shooting JEREMIAH CHASS without lawful justification, thereby depriving decedent of certain constitutionally-protected rights, including, but not limited to the right to be free from the use of excessive force by law enforcement officers, as guaranteed by the fourth amendment to the United States Constitution.

34. Defendant BILL COGBILL, in his individual capacity, acted under color of law in ratifying the use of excessive force, including deadly force, by MISITA and RYAN against JEREMIAH CHASS.

35. As a proximate result of the conduct of defendants, decedent suffered physical pain and emotional distress and incurred general damages for the deprivation of his constitutional rights prior to his death.

36. Defendants MISITA and RYAN acted in reckless and callous disregard for the constitutional rights of decedent, and with willful oppression and malice. Plaintiffs therefore seek an award of punitive damages against these defendants.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Chass v. County of Sonoma, et al.* — COMPLAINT FOR DAMAGES — Page 8

WHEREFORE, plaintiffs pray for relief as set forth below.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. Section 1983

**Violation of Constitutional Rights of Plaintiffs MARK CHASS, YVETTE CHASS, and I. C., a minor**

**(Against Defendants JOHN MISITA and JIM RYAN, and against Defendant BILL COGBILL in his individual capacity)**

37. Plaintiffs MARK CHASS, YVETTE CHASS, and I. C., a minor, reallege and incorporate by reference paragraphs 1 through 31 as though fully set forth in this cause of action.

38. The killing of JEREMIAH CHASS without lawful justification or provocation constituted an arbitrary abuse of police power under color of state law, committed with deliberate indifference to the rights of decedent's family members. The conduct of MISITA and RYAN, and the knowing ratification of that conduct by defendant COGBILL therefore violated the liberty interest of MARK CHASS, YVETTE CHASS, and I. C. in maintaining their familial relationships with decedent, an interest which is protected by the fourteenth amendment to the United States Constitution.

39. As a proximate result of defendant's violations of plaintiffs' fourteenth amendment rights, plaintiffs suffered the loss of the love, companionship, society, comfort, services, and moral and financial support of the decedent, and their sense of security, dignity, and pride as citizens and residents of the United States of America.

40. Defendants MISITA and RYAN and Defendant COGBILL in his individual capacity acted in reckless and callous disregard for the constitutional rights of plaintiffs, and with willful oppression and malice. Plaintiffs therefore seek an award of punitive damages against these defendants.

\ \ \

\ \ \

\ \ \

**WHEREFORE, plaintiffs pray for relief as set forth below.**

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Chass v. County of Sonoma, et al.*     Page 9
COMPLAINT FOR DAMAGES

## THIRD CLAIM FOR RELIEF

### 42 U.S.C. Section 1983

**(By All Plaintiffs Against COUNTY OF SONOMA, BILL COGBILL, in his official capacity, and DOES 1 through 50)**

41. Plaintiffs ESTATE OF JEREMIAH CHASS, MARK CHASS, YVETTE CHASS, and I. C., a minor, reallege and incorporate by reference paragraphs 1 through 40 as though fully set forth in this cause of action.

42. The policies, practices, acts and omissions of defendants COUNTY OF SONOMA, BILL COGBILL, in his official capacity, and DOES 1 through 50, the deliberate indifference of such defendants, and the adoption and ratification of the misconduct of defendants MISITA and RYAN, as described in this complaint, were moving forces behind the violations of constitutional rights and the resulting damages suffered by plaintiffs and by plaintiffs' decedent.

WHEREFORE, plaintiffs pray for relief as set forth below.

## FOURTH CLAIM FOR RELIEF

### Wrongful Death

**(By Plaintiffs MARK CHASS, YVETTE CHASS, and I. C. Against All Defendants)**

43. Plaintiffs MARK CHASS, YVETTE CHASS, and I. C., a minor, reallege and incorporate by reference paragraphs 1 through 31 as though fully set forth in this cause of action.

44. At all times mentioned in this complaint, defendants had a duty to use reasonable care to avoid causing foreseeable harm to JEREMIAH CHASS. Defendants MISITA and RYAN breached this duty of care in negligently and intentionally using deadly force against JEREMIAH CHASS. BILL COGBILL breached this duty in negligently supervising, training, and disciplining defendants MISITA and RYAN. These breaches of duty, in the course and scope of defendants' employment with the COUNTY OF SONOMA, proximately caused the decedent's wrongful death.

45. Plaintiffs MARK CHASS, YVETTE CHASS, and I. C. were dependent upon JEREMIAH CHASS for love, society, comfort, companionship, and moral support. As

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Chass v. County of Sonoma, et al.*
COMPLAINT FOR DAMAGES
Page 10

a proximate result of the defendants' misconduct and the wrongful death of JEREMIAH CHASS, plaintiffs have suffered pecuniary damages and incurred expenses in providing for a funeral and for disposition of his remains.

46. The conduct of defendants, as alleged in this complaint, was committed with oppression, fraud, and malice and warrants a judgment of punitive or exemplary damages against the individually-named defendants.

WHEREFORE, plaintiffs pray for relief as set forth below.

## FIFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

**(By Plaintiffs MARK CHASS, YVETTE CHASS, and I. C. Against Defendants COUNTY OF SONOMA, JOHN MISITA and JIM RYAN)**

47. Plaintiffs MARK CHASS, YVETTE CHASS, and I. C., a minor, reallege and incorporate by reference paragraphs 1 through 31 as though fully set forth in this cause of action.

48. At all times mentioned in this complaint, defendants had a duty to use reasonable care to avoid causing foreseeable harm to MARK CHASS, YVETTE CHASS, and I. C., a minor, Defendants MISITA and RYAN breached this duty of care in negligently using excessive and deadly force against JEREMIAH CHASS and in causing his death in plaintiffs' presence.

49. As a proximate result of the negligence of MISITA and RYAN, in the course and scope of their employment with the COUNTY OF SONOMA, plaintiffs MARK CHASS, YVETTE CHASS, and I. C. suffered severe emotional distress and incurred damages as alleged in this complaint.

WHEREFORE, plaintiffs pray for relief as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For pecuniary damages, according to proof;
4. For funeral and burial expenses according to proof;
5. For punitive or exemplary damages against the individually-named

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Chass v. County of Sonoma, et al.*                                                                                 Page 11
COMPLAINT FOR DAMAGES

1 defendants;

2     6. For attorneys' fees pursuant to 42 U.S.C. section 1988;

3     7. For costs of suit incurred herein; and

4     8. For such other and further relief as the court may deem just and proper.

Dated: January 7, 2008

| CASPER, MEADOWS, SCHWARTZ & COOK | ABBEY, WEITZENBERG, WARREN & EMERY |
|---|---|
| _____ | _____ |
| ANDREW C. SCHWARTZ<br>Attorney for Plaintiffs | PATRICK EMERY, ESQ.<br>Attorney for Plaintiffs |

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Chass v. County of Sonoma, et al.*      Page 12
COMPLAINT FOR DAMAGES