STEVEN C. MITCHELL, ESQ., SBN 124644
GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, California   95404
Telephone:  (707) 545-1660
Facsimile:   (707) 545-1876

Attorneys for Defendants
COUNTY OF SONOMA, BILL COGBILL, SONOMA COUNTY DEPUTY SHERIFF JOHN MISITA, SONOMA COUNTY DEPUTY SHERIFF JIM RYAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JEREMIAH CHASS, MARK CHASS, YVETTE CHASS, and I.C., a minor, by and through his Guardian Ad Litem, YVETTE CHASS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, BILL COGBILL, in his individual capacity and in his official capacity as Sheriff for the COUNTY OF SONOMA, SONOMA COUNTY DEPUTY SHERIFF JOHN MISITA, SONOMA COUNTY DEPUTY SHERIFF JIM RYAN, and DOES 1 through 50,<br><br>Defendants. | CASE NO.: CV 08 0111 MMC<br><br>**ANSWER OF DEFENDANTS TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants County of Sonoma, Bill Cogbill, in his individual capacity and in his official capacity as Sheriff for the County of Sonoma, Sonoma County Deputy Sheriff John Misita, and Sonoma County Deputy Sheriff Jim Ryan hereby answer plaintiffs' complaint as follows:

1.    Defendants admit that this court presently has jurisdiction in this case, and that venue is proper in this District. Defendants deny the remaining allegations of Paragraph 1.

2.    Defendants admit that tort claims were submitted to the County of Sonoma in a timely fashion. Defendants deny the remaining allegations of Paragraph 2.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

3. There is nothing to admit or deny in Paragraph 3.

4. Defendants admit that two Sonoma County Deputy Sheriffs used deadly force against Jeremiah Chass. Defendants lack sufficient information and belief in which to answer the remaining allegations of Paragraph 4 and, on that basis, deny the same.

5. Defendants lack sufficient information and belief in which to answer the allegations of Paragraph 5 and, on that basis, deny the same.

6. Defendants lack sufficient information and belief in which to answer the allegations of Paragraph 6 and, on that basis, deny the same.

7. Defendants lack sufficient information and belief in which to answer the allegations of Paragraph 7 and, on that basis, deny the same.

8. Defendants lack sufficient information and belief in which to answer the allegations of Paragraph 8 and, on that basis, deny the same.

9. Defendants admit the allegations of Paragraph 9.

10. Defendants admit that defendant Bill Cogbill is, and was, at all relevant times, the Sheriff for the County of Sonoma, and that he has final policy-making authority regarding supervision, discipline and training of Sheriff Deputies. Defendants deny the remaining allegations thereof, insofar as they incorporate other allegations of the complaint.

11. Defendants admit that Deputy Sheriff John Misita was and is a Deputy Sheriff for the Sonoma County Sheriff's Department and acted under color of law and within the course and scope of employment in the officer involved shooting that is the subject of this action. Insofar as Paragraph 11 incorporates other allegations in the complaint, defendants deny the same.

12. Defendants admit that Deputy Sheriff Jim Ryan was and is a Deputy Sheriff for the Sonoma County Sheriff's Department and acted under color of law and within the course and scope of employment in the officer involved shooting that is the subject of this action. Insofar as Paragraph 12 incorporates other allegations in the complaint, defendants deny the same.

13. Defendants lack sufficient information and belief in which to answer the allegations of Paragraph 13 and, on that basis, deny the same.

///

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

14. Defendants lack sufficient information and belief in which to answer the allegations of Paragraph 14 and, on that basis, deny the same.

15. Defendants admit that defendants Misita and Ryan used deadly force against Jeremiah Chass on March 12, 2007. Defendants further admit that Jeremiah Chass was 16 years old at the time of his death. Defendants lack sufficient information and belief with respect to Jeremiah Chass' exact weight as well as the remaining allegations of Paragraph 15 and, on that basis, deny the same.

16. Defendants deny each and every allegation of Paragraph 16.

17. Defendants admit that the Sebastopol dispatch contacted the Sheriff's Department, and that defendants Misita and Ryan were dispatched to the Chass home. Defendants lack sufficient information and belief in which to answer the remaining allegations thereof, and that basis, deny the same.

18. Defendants admit that when Deputy Misita arrived, Jeremiah and I.C. were in the family minivan, and that Jeremiah was armed with a knife, and made statements to the effect that "I'll kill him" and "I'll kill the child", was chanting, and otherwise violent and uncooperative. Defendants deny the remaining allegations of Paragraph 18.

19. Defendants admit that Deputy Misita entered the minivan and interceded between Jeremiah and I.C., and ordered Jeremiah to "Drop the knife" or "Let go of the knife." Defendants further admit that Misita deployed pepper spray. Defendants deny the remaining allegations of Paragraph 19, and specifically deny that actions taken by Deputy Misita were with deliberate and reckless indifference to the rights of Jeremiah Chass and of plaintiffs.

20. Defendants admit that I.C. was present in the van during a period of time when Deputy Misita was in the van. Defendants deny, for lack of information and belief, the remaining allegations of Paragraph 20.

21. Defendants admit that Jeremiah Chass died from multiple gunshot wounds, that both Deputies fired shots at relatively close range, and that when Deputy Ryan arrived, Misita and Jeremiah Chass were inside the minivan. Defendants deny the remaining allegations of Paragraph 21, and specifically deny that the Deputies acted with deliberate and wanton indifference to the

rights of Jeremiah Chass and of plaintiffs.

22. Defendant County of Sonoma did not conduct the investigation of the subject incident, including the search of the Chass family home and, accordingly, defendants deny the allegations of Paragraph 22 for lack of information and belief.

23. Defendants admit that the Sheriff's Department issued a statement regarding the use of deadly force and that various records were not made available during the course of the District Attorney's Office investigation to the public, and that it contends that the 911 recordings are exempt from production under different provisions of the Public Records Act. Other than as expressly admitted, defendants deny the remaining allegations of Paragraph 23.

24. Defendants deny each and every allegation of Paragraph 24.

25. Defendants deny each and every allegation of Paragraph 25.

26. Defendants deny each and every allegation of Paragraph 26.

27. Defendants deny each and every allegation of Paragraph 27.

28. Defendants deny each and every allegation of Paragraph 28.

29. Defendants deny each and every allegation of Paragraph 29.

30. Defendants deny each and every allegation of Paragraph 30.

31. Defendants deny each and every allegation of Paragraph 31.

32. Defendants incorporate by reference its responses to Paragraphs 1 through 31, as if fully set forth herein.

33. Defendants deny each and every allegation of Paragraph 33.

34. Defendants deny each and every allegation of Paragraph 34.

35. Defendants deny each and every allegation of Paragraph 35.

36. Defendants deny each and every allegation of Paragraph 36.

37. Defendants incorporate by reference its responses to Paragraphs 1 through 36, as if fully set forth herein.

38. Defendants deny each and every allegation of Paragraph 38.

39. Defendants deny each and every allegation of Paragraph 39.

40. Defendants deny each and every allegation of Paragraph 40.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

41. Defendants incorporate by reference its responses to Paragraphs 1 through 40, as if fully set forth herein.

42. Defendants deny each and every allegation of Paragraph 42.

43. Defendants incorporate by reference its responses to Paragraph 1 through 42, as if fully set forth herein.

44. Defendants state that plaintiffs' allegation as to duty of care is incomplete as a statement of law and denies the same on said basis, and specifically denies the remaining allegations of Paragraph 44.

45. Defendants lack sufficient information and belief in which to answer the allegation of the first sentence of Paragraph 45, and on such basis, deny the same. Defendants specifically deny the remaining allegations of Paragraph 45.

46. Defendants deny each and every allegation of Paragraph 46.

47. Defendants incorporate by reference its responses to Paragraphs 1 through 46, as if fully set forth herein.

48. Defendants state that plaintiffs' allegation as to duty of care is incomplete as a statement of law and denies the same on said basis, and specifically denies the remaining allegations of Paragraph 48.

49. Defendants deny each and every allegation of Paragraph 49.

## AFFIRMATIVE DEFENSES

AS AND FOR A FIRST AFFIRMATIVE DEFENSE to the Complaint, these answering defendants contend that the Complaint fails to state claims upon which relief can be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE to the Complaint, these defendants alleges that defendants' actions were objectively reasonable in light of the facts and circumstances confronting them at the time.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE to the Complaint, these answering defendants allege that should plaintiffs recover damages against them, defendants should be entitled to have the amount reduced or eliminated to the extent that plaintiffs' and/or decedent's negligence and/or fault caused the damages herein.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE to the Complaint, these answering defendants allege that in the event they are held liable to plaintiffs, which liability is denied, that the fault or negligence of other persons or entities not named in the Complaint should reduce or eliminate the liability of defendants in accordance with the principles of equitable indemnity and comparative contribution.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE to the Complaint, these answering defendants allege that plaintiffs have failed to comply with the claims procedure set forth in the Government Code.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE to the Complaint, these answering defendants allege that they are entitled to the immunities applicable to public entities and their employees, including, but not limited to Government Code §§ 815 through 846, and Penal Code §§ 833 through 851.85.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE to the Complaint, these answering defendants allege they acted at all times in good faith with reasonable belief as to the lawfulness of their actions.

AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE to the Complaint, these answering defendants allege that they are entitled to various other privileges and immunities as provided by law; the full nature and extent of such privileges and immunities as applicable hereto are presently unknown to these answering defendants, and these answering defendants will seek leave of this court to allow them to amend this answer to insert the full nature and extent of such privilege and immunities when the same become fully ascertained and known.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE to the Complaint, these answering defendants allege that they are entitled to whatever offsets and credits are available pursuant to Government Code Section 985, et seq.

AS AND FOR AN TENTH AFFIRMATIVE DEFENSE to the Complaint, these answering defendants allege that they cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusionary terms used in plaintiffs' Complaint. Accordingly, these answering defendants expressly reserve the right to assert additional affirmative defenses if and to

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1  the extent that such affirmative defenses become applicable.

2  AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE to the Complaint, these
3  answering defendants allege that plaintiffs have failed to mitigate their damage, if any.

4  AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE to the Complaint, these
5  answering defendants allege that they are entitled to the qualified immunity privilege because their
6  actions were objectively reasonable and undertaken with a reasonable belief that their actions were
7  lawful.

8  AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE to the Complaint, these
9  answering defendants allege that defendants County of Sonoma and Bill Cogbill are immune from
10 liability provided the 11th Amendment to the United States Constitution.

11 AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE to the Complaint, these
12 answering defendants allege by way of a plea of comparative negligence, that decedent was
13 negligent in and about the matters and activities alleged; that said negligence contributed to and was
14 a proximate cause of a plaintiffs' alleged injuries and damages, if any, or was the sole cause
15 thereof; and if plaintiffs are entitled to recover damages against defendants by virtue of this
16 Complaint, defendants pray that the recovery be diminished or extinguished by reason of the
17 negligence of the decedent in proportion to the degree of fault attributed to him.

18 AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE to the Complaint, these
19 answering defendants allege that at all time mentioned in plaintiff's Complaint, defendants' use of
20 force was a lawful and privileged by law and any recovery pursuant to said use of force is therefore
21 barred.

22 **DEMAND FOR JURY TRIAL**

23 Defendants County of Sonoma, Bill Cogbill, Sonoma County Deputy Sheriff John Misita
24 and Sonoma County Deputy Sherriff Jim Ryan hereby demand a jury trial for all triable issues.

25 ///
26 ///
27 ///
28 ///

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

- 7 -
Answer of Defendants to Complaint

WHEREFORE, defendants pray judgment as follows:

1. In favor of defendants and against plaintiffs;

2. For costs of suit, including attorneys fees incurred as s result of this litigation; and

3. For such other and further relief as the court may deem proper.

DATED: March 19, 2008

GEARY, SHEA, O'DONNELL,
GRATTAN & MITCHELL, P.C.

By _____
STEVEN C. MITCHELL
Attorneys for Defendants
COUNTY OF SONOMA, BILL COGBILL,
SONOMA COUNTY DEPUTY SHERIFF
JOHN MISITA and SONOMA COUNTY
DEPUTY SHERIFF JIM RYAN

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

Case No: CV 08 0111 MMC                United States District Court, Northern District of California

## PROOF OF SERVICE

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is Geary, Shea, O'Donnell, Grattan & Mitchell, 37 Old Courthouse Square, Fourth Floor, Santa Rosa, CA 95404.

On March 19, 2008, I served the attached:

### ANSWER OF DEFENDANTS TO COMPLAINT

on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Andrew C. Schwartz, Esq.<br>Casper, Meadows, Schwartz & Cook<br>A Professional Corporation<br>California Plaza<br>2121 North California Boulevard, Suite 1020<br>Walnut Creek, CA 94596 | Telephone: 925/947-1147<br>Facsimile:  925/947-1131<br>Attorney for Plaintiffs |
| Patrick Emery, Esq.<br>Abbey, Weitzenberg, Warren & Emery<br>100 Stony Point Road, Suite 200<br>Santa Rosa, CA 95402-1566 | Telephone: 707/542-5050<br>Facsimile:  707/542-2589<br>Attorney for Plaintiffs |

/ X / (BY MAIL) I placed a copy of the above-described document in sealed envelope, with postage thereon fully prepared for First-Class Mail, addressed to the parties as set forth above, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Geary, Shea, O'Donnell, Grattan & Mitchell for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/_/ (BY OVERNIGHT DELIVERY, PURSUANT TO CCP '1013(c)) I placed such sealed envelope for collection and mailing by overnight delivery at Santa Rosa, California, within the ordinary business practices of Geary, Shea, O'Donnell, Grattan & Mitchell. I am readily familiar with the practices of Geary, Shea, O'Donnell, Grattan & Mitchell for processing overnight correspondence, said practice being that in the ordinary course of business, correspondence is either picked up by or delivered to the delivery company the same day as it is placed for processing.

/_/ (BY FACSIMILE) I caused the above-described document to be transmitted, pursuant to Rule 2008, by facsimile machine (which complies with Rule 2003(3)) to the parties at the number(s) indicated after the address(es) noted above. The transmission was reported as complete and without error.

/_/ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the parties at the address(es) noted above.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Santa Rosa, California, on March 19, 2008.

Michelle A. Stewart

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Santa Rosa, California, on March 19, 2008.

Michelle A. Stewart

LAW OFFICES OF
GEARY, SHEA, O'DONNELL GRATTAN & MITCHELL P.C.