1  STEVEN C. MITCHELL, ESQ., SBN 124644
   GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
2  37 Old Courthouse Square, Fourth Floor
   Santa Rosa, California  95404
3  Telephone:  (707) 545-1660
   Facsimile:  (707) 545-1876
4  Attorneys for Defendants

5  ANDREW C. SCHWARTZ, ESQ., SBN 64578
   CASPER, MEADOWS, SCHWARTZ & COOK
6  A Professional Corporation
   California Plaza
7  2121 North California Boulevard, Suite 1020
   Walnut Creek, California 94596
8  Telephone:  (925) 947-1147
   Facsimile:  (925) 947-1131

9

10  PATRICK EMERY, ESQ., SBN 61050
    ABBEY, WEITZENBERG, WARREN & EMERY
11  100 Stony Point Road, Suite 200
    P.O. Box 1566
12  Santa Rosa, California 95402-1566
    Telephone:  (707) 542-5050
13  Facsimile:  (707) 542-2589
14  Attorneys for Plaintiffs

15                     UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17

18  ESTATE OF JEREMIAH CHASS, MARK          CASE NO.:  CV 08 0111 MMC
    CHASS, YVETTE CHASS, and I.C.,  a minor,
19  by and through his Guardian Ad Litem,
    YVETTE CHASS,                           **JOINT CASE MANAGEMENT**
20                                          **CONFERENCE STATEMENT OF**
                                            **PLAINTIFFS AND DEFENDANTS**
21          Plaintiffs,

22          v.

23  COUNTY OF SONOMA, BILL COGBILL, in      Date:  4/18/08
    his individual capacity and in his official   Time:  10:30 a.m.
24  capacity as Sheriff for the COUNTY OF   Ctrm.:  7
    SONOMA, SONOMA COUNTY DEPUTY
25  SHERIFF JOHN MISITA, SONOMA COUNTY      Honorable Maxine M. Chesney
    DEPUTY SHERIFF JIM RYAN, and DOES 1
26  through 50,
27
28          Defendants.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1.    Jurisdiction:

The court has jurisdiction over plaintiffs' federal claim; plaintiffs' pendent state claims arise from the same incident and thus are within the jurisdiction of this court.

2.    Factual Background:

On March 12, 2007, decedent Jeremiah Chass, age 16, was shot and killed during a struggle with two Sheriff Deputies.  Plaintiffs are the surviving mother, father, and brother of the decedent.

The evening before the incident, the parents of the decedent sought emergency medical treatment for decedent, as he was experiencing symptoms of acute mental illness, but were advised, by the Acute Psychiatric Unit of Santa Rosa Memorial Hospital, to wait until the morning to be evaluated.

Plaintiffs allege that Jeremiah Chass' death was the result of excessive force; defendants contend that Jeremiah was armed with a knife, that he posed an imminent threat of great bodily harm or death, and that the use of deadly force was lawful  Plaintiffs also assert a 42 U.S.C. § 1983 claim for the loss of familial relations.  Plaintiffs also allege Monell claims against the County and the Sheriff, alleging that the County's policies and practices were moving forces behind the violations of Constitutional rights.  Defendants deny said claims.

3.    Issues:

Whether the force used was excessive or unlawful?

Whether defendants are liable to plaintiffs under State law negligence claims?

Whether the individual defendants are entitled to qualified immunity?

Whether or not defendants were deliberately indifferent to plaintiffs?

If plaintiffs' rights were violated by defendants, to what extent did plaintiffs suffer damage?

Whether policies, customs, or practices of the County and the Sheriff were the moving force behind the plaintiffs' injuries?

Whether punitive damages should be awarded against any of the individual defendants?

Whether Mark Chass has standing to assert wrongful death claims?

Whether defendants' actions were privileged under State law?

Whether the State law claims are barred by statutory immunities?

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1   ///

2        Whether any other persons' or entities' negligence caused or contributed to the decedent's

3   death?

4        4.    Motions:

5        Defendants intend to file dispositive motions under Rule 56. Defendants may also file a

6   motion to bifurcate the Monell claims from the remaining claims.

7        5.    Amendment of Pleadings:

8        Defendants need to conduct initial discovery to determine whether or not an indemnity

9   cross-complaint against additional parties may be appropriate. Defendants request approximately

10  90 – 120 days as a deadline to file an indemnity cross-complaint, if any. Plaintiffs' request the

11  Court allow 90 days.

12       6.    Evidence Preservation:

13       Defendants' counsel has instructed defendants to preserve all relevant evidence.

14       Plaintiffs will preserve any evidence in their possession, including the min-van in which the

15  shooting took place.

16       The parties have agreed that any critical evidence (excluding purely personal belongings

17  which have no evidentiary value) obtained by the Santa Rosa Police Department as part of its

18  investigation may remain in its custody and control, under the understanding that each side will

19  have reasonable access to the same, with due notice to the other side.

20       7.    Disclosures:

21       Both parties will comply with initial disclosure requirements pursuant to FRCP 26. In that

22  respect, defendants will provide to plaintiffs a copy of the investigative report prepared by SRPD.

23  Plaintiffs agree that the names of witnesses set forth therein do not need to be separately identified.

24  Certain portions of the investigative material will be produced pursuant to the Northern District's

25  form Stipulated Protective Order, which the parties will present to the Court at the CMC. Plaintiffs

26  shall provide list of witnesses and other pertinent material in their possession and control.

27       8.    Discovery:

28       The parties agree to the following discovery plan:

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

- 3 -
Joint Case Management Conference Statement of Plaintiffs and Defendants

1        A. <u>Depositions</u> – each side will be limited to 6 depositions prior to September 1,

2 2008, with the parties to conduct a private mediation in September, 2008.  In the event the matter is

3 not resolved through mediation, each side will be limited to an additional 24 depositions, absent

4 further agreement or good cause.  The length of any deposition shall not exceed 7 hours, absent

5 further agreement or good cause.

6        B. <u>Written Interrogatories</u> – the parties agree to be limited to 25 interrogatories for

7 each side, absent further agreement or good cause.

8        C. <u>Document Requests</u> – the parties agree to be limited to 25 document requests for

9 each side, absent further agreement or good cause.

10        D. <u>Request for Admissions</u> - the parties agree to be limited to 25 requests for

11 admission for each side, absent further agreement or good cause.

12     The parties agree to conclude lay discovery by January 31, 2009, absent further agreement

13 or good cause.

14     9.    <u>Class Actions:</u>

15     Not applicable.

16     10.   <u>Related Case:</u>

17     None.

18     11.   <u>Relief:</u>

19     Plaintiffs seek damages for the wrongful death of Jeremiah Chass, including funeral and

20 burial expenses, loss of familial relationships, including loss of love, companionship, comfort,

21 affection, consortium, society, and moral support, punitive damages and attorney's fees.

22     12.   <u>Settlement and ADR:</u>

23     The parties agree to private mediation to be conducted in September, 2008, and that each

24 side will be limited to 6 depositions prior to the mediation.

25     13.   <u>Consent to Magistrate Judge For All Purposes:</u>

26     Not applicable.

27     14.   <u>Other References:</u>

28     Not applicable.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

15.    Narrowing of Issues:

Defendants anticipate that the issues of qualified immunity and deliberate indifference will need to be addressed by a motion for summary judgment prior to trial. Defendants also anticipate filing a motion to bifurcate the Monell claims, since Monell liability can only be established if there is first a finding of an underlying constitutional violation.

16.    Expedited Schedule:

Not applicable.

17.    Scheduling:

Defendants request that the Court not set a trial date for another 90 days, due to the potential for an indemnity cross-complaint, and that a trial date be set at another Case Management Conference to be set approximately 100 days from now. Plaintiffs request that the Court set a trial date at this time.

Both sides agree that if the Court sets a trial date at this time, that it be set for late June or early July, 2009, with lay discovery cut-off of January 31, 2009, designation of experts per Rule 26 by no later than February 27, 2009, rebuttal experts no later than March 13, 2009, expert discovery cutoff by April 10, 2009, and dispositive motions by April 24, 2009.

18.    Trial:

Jury trial has been demanded by both parties.

The parties anticipate a 10 – 15 day trial.

19.    Disclosure of Non-party interested Entities or Persons:

None – the parties shall file the Certification required by Local Rule 3-16 by the time of the Case Management Conference.

20: Other matters:

None at this time.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  April 7, 2008

GEARY, SHEA, O'DONNELL, GRATTAN &
MITCHELL, P.C.

By _____
       STEVEN C. MITCHELL
       Attorneys for Defendants

DATED:  April 8, 2008

CASPER, MEADOWS, SCHWARTZ & COOK

By _____
       ANDREW C. SCHWARTZ
       Attorneys for Plaintiffs

DATED:  April 8, 2008

ABBEY, WEITZENBERG, WARREN & EMERY

By _____/s/ – "Patrick Emery"_____
       PATRICK EMERY
       Attorneys for Plaintiffs

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.