1  STEVEN C. MITCHELL, ESQ., SBN 124644
   GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
2  37 Old Courthouse Square, Fourth Floor
   Santa Rosa, California   95404
3  Telephone:  (707) 545-1660
   Facsimile:   (707) 545-1876
4  Attorneys for Defendants

5  ANDREW C. SCHWARTZ, ESQ., SBN 64578
   CASPER, MEADOWS, SCHWARTZ & COOK
6  A Professional Corporation
   California Plaza
7  2121 North California Boulevard, Suite 1020
   Walnut Creek, California 94596
8  Telephone:  (925) 947-1147
   Facsimile:  (925) 947-1131
9
   PATRICK EMERY, ESQ., SBN 61050
10 ABBEY, WEITZENBERG, WARREN & EMERY
   100 Stony Point Road, Suite 200
11 P.O. Box 1566
   Santa Rosa, California 95402-1566
12 Telephone:  (707) 542-5050
   Facsimile:  (707) 542-2589
13 Attorneys for Plaintiffs
14

15                      UNITED STATES DISTRICT COURT

16                      NORTHERN DISTRICT OF CALIFORNIA

17

18 ESTATE OF JEREMIAH CHASS, MARK          CASE NO.:  CV 08 0111 MMC
   CHASS, YVETTE CHASS, and I.C.,  a minor,
19 by and through his Guardian Ad Litem,
   YVETTE CHASS,                           **STIPULATED PROTECTIVE ORDER**
20
21      Plaintiffs,
22      v.
23 COUNTY OF SONOMA, BILL COGBILL, in
   his individual capacity and in his official
24 capacity as Sheriff for the COUNTY OF
   SONOMA, SONOMA COUNTY DEPUTY
25 SHERIFF JOHN MISITA, SONOMA COUNTY
   DEPUTY SHERIFF JIM RYAN, and DOES 1
26 through 50,
27
28      Defendants.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1        2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery

2    Material in this action.

3        2.7    <u>Designating Party</u>: a Party or non-party that designates information or items

4    that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

5    Confidential — Attorneys' Eyes Only."

6        2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated

7    as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

8        2.9    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are

9    retained to represent or advise a Party in this action.

10        2.10    <u>House Counsel</u>: attorneys who are employees of a Party.

11        2.11    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as

12    their support staffs).

13        2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter

14    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

15    witness or as a consultant in this action and who is not a past or a current employee of a Party or of

16    a competitor of a Party's and who, at the time of retention, is not anticipated to become an

17    employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial

18    consultant retained in connection with this litigation.

19        2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support

20    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

21    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

22    subcontractors.

23    3. SCOPE

24        The protections conferred by this Stipulation and Order cover not only Protected Material

25    (as  defined above), but also any information copied or extracted therefrom, as well as all copies,

26    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

27    parties or counsel to or in court or in other settings that might reveal Protected Material.

28    ///

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1    protected material. If only a portion or portions of the material on a page qualifies for protection,

2    the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

3    markings in the margins) and must specify, for each portion, the level of protection being

4    asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5    ONLY").

6         A Party or non-party that makes original documents or materials available for

7    inspection need not designate them for protection until after the inspecting Party has indicated

8    which material it would like copied and produced. During the inspection and before the

9    designation, all of the material made available for inspection shall be deemed "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

11   documents it wants copied and produced, the Producing Party must determine which documents, or

12   portions thereof, qualify for protection under this Order, then, before producing the specified

13   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

14   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

15   contains Protected Material. If only a portion or portions of the material on a page qualifies for

16   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

17   appropriate markings in the margins) and must specify, for each portion, the level of protection

18   being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

19   EYES ONLY").

20        (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

21   Party or non-party offering or sponsoring the testimony identify on the record, before the close of

22   the deposition, hearing, or other proceeding, all protected testimony, and further specify any

23   portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24   ONLY." When it is impractical to identify separately each portion of testimony that is entitled to

25   protection, and when it appears that substantial portions of the testimony may qualify for

26   protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

27   record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify

28   the specific portions of the testimony as to which protection is sought and to specify the level of

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1    protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

2    EYES ONLY"). Only those portions of the testimony that are appropriately designated for

3    protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

4            Transcript pages containing Protected Material must be separately bound by the

5    court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

6    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

7    nonparty offering or sponsoring the witness or presenting the testimony.

8            (c) for information produced in some form other than documentary, and for any

9    other tangible items, that the Producing Party affix in a prominent place on the exterior of the

10   container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information

12   or item warrant protection, the Producing Party, to the extent practicable, shall identify the

13   protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential –

14   Attorneys' Eyes Only."

15           5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

16   to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

17   Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

18   this Order for such material. If material is appropriately designated as "Confidential" or "Highly

19   Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

20   on timely notification of the designation, must make reasonable efforts to assure that the material is

21   treated in accordance with the provisions of this Order.

22       6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

23           6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

24   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

25   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

26   its right to challenge a confidentiality designation by electing not to mount a challenge promptly

27   after the original designation is disclosed.

28   ///

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1    Protected Material must be stored and maintained by a Receiving Party at a location

2    and in a secure manner that ensures that access is limited to the persons authorized under this

3    Order.

4    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

5    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

6    disclose any information or item designated CONFIDENTIAL only to:

7    (a) the Receiving Party's Outside Counsel of record in this action, as well as

8    employees of said Counsel to whom it is reasonably necessary to disclose the information for this

9    litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

10    hereto as Exhibit A;

11    (b) the officers, directors, and employees (including House Counsel) of the

12    Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

13    the "Agreement to Be Bound by Protective Order" (Exhibit A);

14    (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is

15    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

16    Protective Order" (Exhibit A);

17    (d) the Court and its personnel;

18    (e) court reporters, their staffs, and professional vendors to whom disclosure is

19    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

20    Protective Order" (Exhibit A);

21    (f) during their depositions, witnesses in the action to whom disclosure is reasonably

22    necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

23    Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

24    must be separately bound by the court reporter and may not be disclosed to anyone except as

25    permitted under this Stipulated Protective Order.

26    (g) the author of the document or the original source of the information.

27    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

28    Information or Items. Unless otherwise ordered by the court or permitted in writing by the

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

- 8 -
Stipulated Protective Order

1   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

2   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

3              (a) the Receiving Party's Outside Counsel of record in this action, as well as

4   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

5   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

6   hereto as Exhibit A;

7              (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary

8   for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

9   A);

10             (c) the Court and its personnel;

11             (d) court reporters, their staffs, and professional vendors to whom disclosure is

12   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

13   Protective Order" (Exhibit A); and

14             (e) the author of the document or the original source of the information.

15       8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

16   <u>OTHER LITIGATION</u>.

17       If a Receiving Party is served with a subpoena or an order issued in other litigation that

18   would compel disclosure of any information or items designated in this action as

19   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

20   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

21   and in no event more than three court days after receiving the subpoena or order. Such notification

22   must include a copy of the subpoena or court order.

23       The Receiving Party also must immediately inform in writing the Party who caused the

24   subpoena or order to issue in the other litigation that some or all the material covered by the

25   subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

26   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

27   caused the subpoena or order to issue.

28   ///

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1    The purpose of imposing these duties is to alert the interested parties to the existence of this

2    Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

3    confidentiality interests in the court from which the subpoena or order issued. The Designating

4    Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

5    material – and nothing in these provisions should be construed as authorizing or encouraging a

6    Receiving Party in this action to disobey a lawful directive from another court.

7    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

9    Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

10    the Receiving Party must immediately (a) notify in writing the Designating Party of the

11    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

12    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

13    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

14    Be Bound" that is attached hereto as Exhibit A.

15    10.    FILING PROTECTED MATERIAL. Without written permission from the

16    Designating Party or a court order secured after appropriate notice to all interested persons, a Party

17    may not file in the public record in this action any Protected Material. A Party that seeks to file

18    under seal any Protected Material must comply with Civil Local Rule 79-5.

19    11.    FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the

20    Producing Party, within sixty days after the final termination of this action, each Receiving Party

21    must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected

22    Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing

23    or capturing any of the Protected Material. With permission in writing from the Designating Party,

24    the Receiving Party may destroy some or all of the Protected Material instead of returning it.

25    Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

26    certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

27    by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material

28    that was returned or destroyed and that affirms that the Receiving Party has not retained any copies,

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1  abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

2  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

3  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

4  even if such materials contain Protected Material. Any such archival copies that contain or

5  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

6  (DURATION), above.

7          12.    MISCELLANEOUS

8                 12.1    Right to Further Relief. Nothing in this Order abridges the right of any

9  person to seek its modification by the Court in the future.

10                 12.2    Right to Assert Other Objections. By stipulating to the entry of this

11  Protective Order no Party waives any right it otherwise would have to object to disclosing or

12  producing any information or item on any ground not addressed in this Stipulated Protective Order.

13  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

14  material covered by this Protective Order.

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16

17  DATED: ___4/14/08___                              _____

18                                                    ANDREW C. SCHWARTZ
                                                      Attorneys for Plaintiffs

19

20  DATED: _____                               _____

21                                                    PATRICK EMERY
                                                      Attorneys for Plaintiffs

22  DATED: ___4/29/08___                              _____

23                                                    STEVEN C. MITCHELL
                                                      Attorneys for Defendants

24

25  PURSUANT TO STIPULATION, IT IS SO ORDERED.

26

27  DATED: _____                               _____

28                                                    UNITED STATES DISTRICT JUDGE

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1  abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

2  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

3  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

4  even if such materials contain Protected Material. Any such archival copies that contain or

5  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

6  (DURATION), above.

7       12.   MISCELLANEOUS

8            12.1   Right to Further Relief. Nothing in this Order abridges the right of any

9  person to seek its modification by the Court in the future.

10           12.2   Right to Assert Other Objections. By stipulating to the entry of this

11 Protective Order no Party waives any right it otherwise would have to object to disclosing or

12 producing any information or item on any ground not addressed in this Stipulated Protective Order.

13 Similarly, no Party waives any right to object on any ground to use in evidence of any of the

14 material covered by this Protective Order.

15 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16

17 DATED: _____

18                                        ANDREW C. SCHWARTZ
                                          Attorneys for Plaintiffs
19
20 DATED: 4/25/08
                                          PATRICK EMERY
21                                        Attorneys for Plaintiffs

22 DATED: _____

23                                        STEVEN C. MITCHELL
                                          Attorneys for Defendants
24

25 PURSUANT TO STIPULATION, IT IS SO ORDERED.

26

27 DATED: _____

28                  UNITED STATES DISTRICT JUDGE

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Chass v. County of Sonoma, et al*, CV 08

0111 MMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.