STEVEN C. MITCHELL, ESQ., SBN 124644
LEO R. BARTOLOTTA, ESQ., SBN 186860
MATTHEW K. GOOD, ESQ., SBN 226962
GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, California  95404
Telephone:  (707) 545-1660
Facsimile:   (707) 545-1876

Attorneys for Defendants and Third Party Plaintiffs
COUNTY OF SONOMA, BILL COGBILL, SONOMA COUNTY
DEPUTY SHERIFF JOHN MISITA, SONOMA COUNTY DEPUTY
SHERIFF JIM RYAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JEREMIAH CHASS, MARK CHASS, YVETTE CHASS, and I.C., a minor, by and through his Guardian Ad Litem, YVETTE CHASS,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, BILL COGBILL, in his individual capacity and in his official capacity as Sheriff for the COUNTY OF SONOMA, SONOMA COUNTY DEPUTY SHERIFF JOHN MISITA, SONOMA COUNTY DEPUTY SHERIFF JIM RYAN, and DOES 1 through 50,<br><br>    Defendants and Third Party Plaintiffs,<br><br>v.<br><br>SANTA ROSA MEMORIAL HOSPITAL,<br><br>    Third Party Defendants. | CASE NO.:  CV 08 0111 MMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' AND THIRD PARTY PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT**<br><br>Date:  August 15, 2008<br>Time:  9:00 a.m.<br>Dept:  7, 19th Floor<br>Trial Date:     June 29, 2009<br><br>Honorable Maxine M. Chesney |

Defendants and Third Party Plaintiffs County of Sonoma, Bill Cogbill, Sonoma County Deputy Sheriff John Misita and Sonoma County Deputy Sheriff Jim Ryan respectfully submit the following memorandum of points and authorities in support of their unopposed and stipulated motion for leave to file an impleader/third party complaint against Santa Rosa Memorial Hospital pursuant to Federal Rule of Civil Procedure, Rule 14.

# I.

## INTRODUCTION

Defendants seek leave to file a third party complaint against Santa Rosa Memorial Hospital in connection with emergency advice/services rendered to Yvette Chass and Andy Prokopis, Ph.D. on March 11, 2007 concerning the treatment of Jeremiah Chass who was experiencing acute psychological distress. Defendants contend that the actions and/or inaction of Santa Rosa Memorial Hospital and its employees fell below the standard of care applicable to medical service providers in this situation. Specifically, as more fully set forth below and in the proposed Third Party Complaint, which is attached as Exhibit A to the Declaration of Steven C. Mitchell, the County contends that the entire event which lead to the tragic death of Jeremiah Chass would have been avoided if Santa Rosa Memorial Hospital would have evaluated and treated him the evening before the incident, when he was exhibiting psychotic, suicidal and agitated behavior which demanded immediate hospitalization. Instead, according to testimony which has been elicited, Santa Rosa Memorial Hospital advised that Jeremiah should stay at home, and not be brought into the emergency room until the following morning. Predictably, his condition worsened, before he was evaluated and treated, and the subject incident ensued.

The following discussion will show that granting leave for Defendants to file the third party complaint against Santa Rosa Memorial Hospital will support the policy of liberal third party practice by preventing circuity of actions and duplication of evidence. Furthermore, Plaintiffs have stipulated that they will not be prejudiced by the filing of the complaint. Moreover, the third party complaint is meritorious and adding Santa Rosa Memorial Hospital to the lawsuit will clarify, not complicate the issues at trial. Finally, Defendants have not unreasonably delayed seeking leave to file a third party complaint because several depositions and extensive legal research were necessary to determine the viability of the theories against the hospital. Accordingly, Defendants respectfully request that this Court grant them leave to file a third party complaint against Santa Rosa Memorial Hospital pursuant to Rule 14 of the Federal Rules of Civil Procedure.

///

///

## III.

## APPLICABLE LAW

Federal Rules of Civil Procedure, Rule 14 reads as follows in relevant part:

> *(a)(1) Timing of the Summons and Complaint.* A defending party may, as third party plaintiff, serve a summons and complaint on a non party who is or may be liable to it for all or part of the claim against it. But the third party plaintiff must, by motion, obtain the court's leave if it files the third party complaint more than ten days after serving its original answer."

In *Irwin v. Mascott*, 94 F.Supp.2d 1052 (N.D. Cal. 2000) this Court held that in deciding whether to permit impleader (third party complaint), a court must consider the following:

> "1.  Prejudice to the original plaintiff;
> 2.  Complication of issues at trial;
> 3.  Likelihood of trial delay; and
> 4.  Untimeliness of the motion to implead."

In addition, a key element of the permissibility of a third party complaint is that the complaint must be "dependent upon the outcome of the main claim." *Stewart v. American Int'l. Oil and Gas Co.*, 845 F.2d 196, 199-200 (9th Cir. 1988).

## IV.

## ALLOWING DEFENDANTS LEAVE TO FILE THE THIRD PARTY COMPLAINT IS APPROPRIATE IN THIS SITUATION

A.   Plaintiff Will Not Be Prejudiced By The Filing Of The Third Party Complaint.

This action involves the death of Jeremiah Chass, who was shot during a violent struggle with two deputy Sheriffs, while armed with a knife. At the time of the incident, defendants contend that Jeremiah was delusional, psychotic, agitated and homicidal. The evening before the event, efforts were made by the Chass family, and a psychologist friend, to have Jeremiah evaluated and treatment on an emergency basis, but despite information that was allegedly conveyed as to the suicidal, delusional and agitated condition of Jeremiah, according to plaintiffs, the intake coordinator for the Acute Psychiatric Unit of Santa Rosa Memorial Hospital concluded that it was not an emergency and that the Chass family should wait another 12 hours to bring Jeremiah into the emergency room. Before that occurred, predictably, his condition worsened, leading to the tragic

Memorandum of Points and Authorities in Support of Motion for Leave to File Third Party Complaint

event. Given that the circumstance involving Santa Rosa Memorial Hospital is intertwined with the circumstance of Jeremiah's death and the facts and circumstances of plaintiffs' complaint, plaintiffs have agreed that they will not be prejudiced by the filing of the third party complaint against Santa Rosa Memorial Hospital because it will bring an additional potentially liable party to the settlement table. (See Stipulation re: Filing of Third Party Complaint, Attached as Exhibit B to the Declaration of Steven C. Mitchell) Plaintiffs will benefit and have, in fact, encouraged the filing of the third party complaint.

B.  The Third Party Complaint Against Santa Rosa Memorial Hospital Will Clarify The Issues At Trial, Not Complicate Them.

The third party complaint against Santa Rosa Memorial Hospital will clarify the issues at trial by bring all of the potentially liable parties into one action. The jury will be presented with arguments and evidence from each party, rather than Defendants pointing at an empty chair. Jurors will have the ability to evaluate the entire case from the perspective of each party in a cohesive proceeding. The jury will be able to apportion fault, if they see fit to do so, for the whole case, instead of doing so on a piecemeal basis in separate actions.

C.  Defendants Request For Leave To File The Third Party Complaint Is Timely.

Defendants did not unreasonably delay seeking leave to file the third party complaint against Santa Rosa Memorial Hospital. Defendants undertook the depositions of Andrew Prokopis, Ph.D. and Jillian Wilbur, the employee from Santa Rosa Memorial Hospital, in order to determine the viability of the complaint against Santa Rosa Memorial Hospital. Plaintiffs' original complaint was filed on January 7, 2008 and Defendants answered on March 19, 2008. The depositions of Mr. Prokopis and Ms. Wilbur went forward on May 19, 2008 and June 25, 2008, respectively. Defendants have diligently conducted extensive research and discovery in order to determine the viability of the complaint against Santa Rosa Memorial Hospital. Defendants were not in possession of the necessary evidence to support their third party claims at the time they answered the complaint.

///

///

Furthermore, filing the third party complaint is not likely to delay the trial date. Discovery in this matter is just beginning. Santa Rosa Memorial Hospital will have ample time to prepare for the June 2009 trial date.

D.  <u>The Third Party Complaint Against Santa Rosa Memorial Hospital is Meritorious.</u>

As announced in the *Banks v. City of Emeryville*, 109 F.R.D. 535 (N.D. Cal. 1985) decision, a third party complaint for indemnity and contribution in an lawsuit alleging both a U.S.C. 1983 cause of action and state law causes of action is appropriate. Here, there is ample evidence that the actions/inaction of the Santa Rosa Memorial Hospital employee in advising Yvette Chass and Andrew Prokopis fell well below the applicable standard of care. Specifically, Dr. Prokopis, a licensed, clinical psychologist, testified that he advised Ms. Wilbur that Jeremiah Chass had suicidal ideations and was extremely agitated. Despite having this information, according to Dr. Prokopis, Ms. Wilbur counseled Dr. Prokopis and Mrs. Chass not to bring him into the emergency room that night. Rather, she recommended that Mrs. Chass watch her son through the night and bring him in the next morning. Unfortunately, and predictably, Jeremiah Chass' condition deteriorated, such that he became homicidal, armed himself with a knife, threatened to kill his younger brother, and assaulted and resisted defendants' efforts to disarm him, all of which lead to his death and plaintiffs' action against defendants. Had Santa Rosa Memorial Hospital provided proper care/advice, Jeremiah Chass' untimely death would have been prevented.[1]

E.  <u>Allowing A Third Party Complaint Will Promote Judicial Economy And Support Policy Of Liberal Third Party Practice.</u>

Allowing Defendants to file a third party complaint in this action will prevent circuity of actions and the duplicative presentation of trial evidence. The same facts and liability for the same injuries are presented for determination in both the third party complaint and the original complaint filed by Plaintiffs. The third party complaint will streamline the resolution of liability into one proceeding. If Defendants are not permitted leave to amend, they will have to file an independent action against Santa Rosa Memorial Hospital. The parties will have to present the same case over

---

[1] Defendants have agreed not to name Jillian Wilbur individually in exchange for Santa Rosa Memorial's agreement to waive the 90 day notification period in CCP 364(a) and to assume vicarious liability for all of Ms. Wilbur's actions and/or failure to act. (See Declaration of Steven C. Mitchell.)

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

- 5 -
Memorandum of Points and Authorities in Support of Motion for Leave to File Third Party Complaint

again – wasting judicial resources and placing additional strains on the parties and witness.

In addition, as required by the *Stewart* decision, Defendants and Santa Rosa Memorial Hospital's potential liability is dependent upon liability found in the main claim brought by Plaintiffs. There can be no liability against Santa Rosa Memorial Hospital unless Defendants are found at fault.

## IV.

## CONCLUSION

The policy behind allowing liberal third party practice is to promote the efficient use of judicial resources. Third party practice allows for the resolution of all issues in one case and prevents duplicative trials and presentation of evidence. In this case, allowing a third party complaint against Santa Rosa Memorial Hospital promotes the efficient use of judicial resources by allowing a complete and final resolution of this matter in the most expeditious manner. Plaintiffs agree that they will not be prejudiced by the third party complaint. The complaint against Santa Rosa Memorial Hospital has strong merit and will allow the jury to see the full picture of this case rather than piecemeal arguments. Therefore, Defendants respectfully request that the Court grant them leave to file a third party complaint against Santa Rosa Memorial Hospital.

DATED: July 31, 2008

GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, PC

By: _____
STEVEN C. MITCHELL, ESQ.
Attorneys for County of Sonoma, County of Sonoma Sheriff's Department, Deputies Misita and Ryan and Sheriff Bill Cogbill

LAW OFFICES OF GEARY, SHEA, O'DONNELL GRATTAN & MITCHELL P.C.

- 6 -
Memorandum of Points and Authorities in Support of Motion for Leave to File Third Party Complaint

Case No: CV 08 0111 MMC            United States District Court, Northern District of California

## PROOF OF SERVICE

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is Geary, Shea, O'Donnell, Grattan & Mitchell, 37 Old Courthouse Square, Fourth Floor, Santa Rosa, CA 95404.

On August 1, 2008, I served the attached:

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' AND THIRD PARTY PLAINTIFFS'
MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT**

on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Andrew C. Schwartz, Esq.<br>Casper, Meadows, Schwartz & Cook<br>A Professional Corporation<br>California Plaza<br>2121 North California Boulevard, Suite 1020<br>Walnut Creek, CA 94596 | Telephone: 925/947-1147<br>Facsimile: 925/947-1131<br>Attorney for Plaintiffs |
| Patrick Emery, Esq.<br>Abbey, Weitzenberg, Warren & Emery<br>100 Stony Point Road, Suite 200<br>Santa Rosa, CA 95402-1566 | Telephone: 707/542-5050<br>Facsimile: 707/542-2589<br>Attorney for Plaintiffs |

/X/ (BY MAIL) I placed a copy of the above-described document in sealed envelope, with postage thereon fully prepared for First-Class Mail, addressed to the parties as set forth above, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Geary, Shea, O'Donnell, Grattan & Mitchell for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/_/ (BY OVERNIGHT DELIVERY, PURSUANT TO CCP '1013(c)) I placed such sealed envelope for collection and mailing by overnight delivery at Santa Rosa, California, within the ordinary business practices of Geary, Shea, O'Donnell, Grattan & Mitchell. I am readily familiar with the practices of Geary, Shea, O'Donnell, Grattan & Mitchell for processing overnight correspondence, said practice being that in the ordinary course of business, correspondence is either picked up by or delivered to the delivery company the same day as it is placed for processing.

/_/ (BY FACSIMILE) I caused the above-described document to be transmitted, pursuant to Rule 2008, by facsimile machine (which complies with Rule 2003(3)) to the parties at the number(s) indicated after the address(es) noted above. The transmission was reported as complete and without error.

87004.416

/_/ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the parties at the address(es) noted above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Santa Rosa, California, on August 1, 2008.

*Michelle A. Stewart*
Michelle A. Stewart

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

87004.416