1   STEVEN C. MITCHELL, ESQ., SBN 124644
    GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
2   37 Old Courthouse Square, Fourth Floor
    Santa Rosa, California  95404
3   Telephone:  (707) 545-1660
    Facsimile:  (707) 545-1876
4
    Attorneys for Defendants
5   COUNTY OF SONOMA, BILL COGBILL, SONOMA COUNTY
    DEPUTY SHERIFF JOHN MISITA, SONOMA COUNTY DEPUTY
6   SHERIFF JIM RYAN

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ESTATE OF JEREMIAH CHASS, MARK          CASE NO.:  CV 08 0111 MMC
    CHASS, YVETTE CHASS, and I.C.,  a minor,
12  by and through his Guardian Ad Litem,
    YVETTE CHASS,                           **DECLARATION OF STEVEN C.
13                                          MITCHELL RE: MOTION FOR LEAVE
         Plaintiffs,                        TO FILE A THIRD PARTY COMPLAINT**
14
         v.                                 Date:  August 15, 2008
15                                          Time:  9:00 a.m.
    COUNTY OF SONOMA, BILL COGBILL, in      Dept:  7, 19th Floor
16  his individual capacity and in his official   Trial Date:   June 29, 2009
    capacity as Sheriff for the COUNTY OF
17  SONOMA, SONOMA COUNTY DEPUTY            Honorable Maxine M. Chesney
    SHERIFF JOHN MISITA, SONOMA COUNTY
18  DEPUTY SHERIFF JIM RYAN, and DOES 1
    through 50,
19
         Defendants and Third Party Plaintiffs,
20
         v.
21
    SANTA ROSA MEMORIAL HOSPITAL,
22
         Third Party Defendants.
23

24       I, Steven C. Mitchell, declare and state as follows:

25       1.      I am an attorney at Geary, Shea, O'Donnell, Grattan & Mitchell, P.C., counsel for

26  defendants in connection with the above action.  I have personal, firsthand knowledge of the

27  matters set forth below and, if called upon to testify, could and would competently testify thereto.

28  ///

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

2.      The Initial Case Management Conference in this matter took place on April 18, 2008.  Prior to that, of course, we could not initiate deposition discovery.  At the time of the Case Management Conference, including in the Case Management Statement, we advised plaintiffs, and the court, of the potential for brining in Santa Rosa Memorial Hospital as a party to this action, depending upon discovery.  As a result, we promptly, as the first two depositions in this matter, took the depositions of Andy Prokopis, PhD., and Jillian Wilbur, the intake coordinator at the Acute Psychiatric Unit for Santa Rosa Memorial Hospital, on May 19 and June 25, 2008, respectively.  These two individuals were the persons most intimately involved in attempts to have Jeremiah Chass, the decedent, evaluated and treated, on an emergency basis, the evening before the incident which led to the filing of the complaint.  We received the deposition transcript of Ms. Wilbur on July 7, 2008.

3.      Based upon the deposition testimony of both Dr. Prokopis and Ms. Wilbur, and after consulting with experts, we determined that the advice given by Santa Rosa Memorial Hospital fell below the standard of care in apparently advising the Chass family to not bring Jeremiah Chass in for emergency treatment the evening before the incident but, rather, to wait until the morning to do so.  Unfortunately, and predictably, his condition worsened and, from our perspective, he became homicidal, armed himself with a knife, threatened to kill his brother, all of which lead to the dangerous and violent confrontation with two deputy Sheriff's which is the subject of the present action.  There is discrepancy in the testimony regarding this point, and the information that was conveyed, but we believe that there is ample basis upon which to pursue this third party complaint.  Accordingly, as soon as possible after receiving the deposition testimony and deposition transcripts, we contacted plaintiffs' counsel to see if they would stipulate to the filing of a third party complaint against Santa Rosa Memorial Hospital.  Both Mr. Emery and Mr. Schwartz, either by way of email communication, telephone communication, or both, advised that they would stipulate to the filing of a third party complaint against Santa Rosa Memorial Hospital.  In fact, we attached hereto, as Exhibit "B", a copy of the stipulation signed by counsel to this effect.

4.      Attached hereto as Exhibit "A" is a copy of the proposed third party complaint.

///

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

5.     I spoke to counsel for Santa Rosa Memorial Hospital, Lauren Tate, Esq., before filing the third party complaint, and she agreed to waive the 90 day notification period otherwise required by Code of Civil Procedure § 364(a) in exchange for us not naming the intake coordinator as an individual defendant.

I declare under penalty of perjury the foregoing is true and correct.   Executed this _____31_____ day of _July_____, 2008 in Santa Rosa, California.

GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.


By _____
     STEVEN C. MITCHELL
     Attorneys for Defendants
     COUNTY OF SONOMA, BILL COGBILL,
     SONOMA COUNTY DEPUTY SHERIFF
     JOHN MISITA and SONOMA COUNTY
     DEPUTY SHERIFF JIM RYAN

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

Declaration of Steven C. Mitchell Re: Motion for Leave to File a Third Party Complaint

# EXHIBIT A

1  STEVEN C. MITCHELL, ESQ., SBN 124644
   LEO R. BARTOLOTTA, ESQ., SBN 186860
2  MATTHEW K. GOOD, ESQ., SBN 226962
   GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
3  37 Old Courthouse Square, Fourth Floor
   Santa Rosa, California  95404
4  Telephone:  (707) 545-1660
   Facsimile:   (707) 545-1876
5

6  Attorneys for Defendants and Third Party Plaintiffs,
   COUNTY OF SONOMA, BILL COGBILL, SONOMA COUNTY
7  DEPUTY SHERIFF JOHN MISITA, SONOMA COUNTY DEPUTY
   SHERIFF JIM RYAN
8

9
                        UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11

12
   ESTATE OF JEREMIAH CHASS, MARK          CASE NO.:  CV 08 0111 MMC
13 CHASS, YVETTE CHASS, and I.C.,  a minor,
   by and through his Guardian Ad Litem,
14 YVETTE CHASS,
                                           THIRD PARTY COMPLAINT
15      Plaintiffs,                         (F.R.C.P. Rule 14)

16      v.

17
   COUNTY OF SONOMA, BILL COGBILL, in
18 his individual capacity and in his official
   capacity as Sheriff for the COUNTY OF
19 SONOMA, SONOMA COUNTY DEPUTY
   SHERIFF JOHN MISITA, SONOMA COUNTY
20 DEPUTY SHERIFF JIM RYAN, and DOES 1
   through 50,
21
22      Defendants and Third Party Plaintiffs,

23      v.

24
   SANTA ROSA MEMORIAL HOSPTIAL,
25
26      Third Party Defendants.
27

28

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1      THIRD PARTY COMPLAINT FOR INDEMNITY

2          1.  Plaintiffs, ESTATE OF JEREMIAH CHASS, MARK CHASS, YVETTE CHASS, and

3   I.C., a minor, by and through his Guardian Ad Litem, YVETTE CHASS ("Plaintiffs"), filed a

4   complaint in the above action against Defendants COUNTY OF SONOMA, BILL COGBILL, in

5   his individual capacity and in his official capacity as Sheriff for the COUNTY OF SONOMA,

6   SONOMA COUNTY DEPUTY SHERIFF JOHN MISITA, and SONOMA COUNTY DEPUTY

7   SHERIFF JIM RYAN ("Defendants" or "Third Party Plaintiffs"), alleging claims under 42 U.S.C.

8   Section 1983, and claims under California State law for wrongful death and negligent infliction of

9   emotional distress.  Defendants deny said allegations as set forth in their Answer.

10         2.  Third Party Defendant, SANTA ROSA MEMORIAL HOSPITAL ("Hospital"), at all

11  relevant times, was, and is a California corporation, doing business in the State of California,

12  County of Sonoma, and was operating as a hospital pursuant to a license duly issued by the

13  California State Department of Health.  Hospital maintains and operates an emergency room in the

14  City of Santa Rosa, California.

15                      **FACTUAL ALLEGATIONS**

16         3.  Third Party Plaintiffs allege on information and belief, that on March 11, 2007, Plaintiff,

17  Yvette Chass, contacted Santa Rosa Memorial Hospital and spoke with a Hospital employee who

18  was acting in the role as the intake coordinator for the acute psychiatric unit of Santa Rosa

19  Memorial Hospital.  Yvette Chass was contacting Santa Rosa Memorial Hospital to report her

20  concerns regarding the mental stability of her minor son, Jeremiah Chass.

21         4.  Third Party Plaintiffs allege on information and belief, that at approximately 10:35 p.m. on

22  March 11, 2007, Yvette Chass told the intake coordinator that Jeremiah Chass was having a

23  "psychotic break".  Yvette Chass communicated to the intake coordinator that Jeremiah Chass

24  stated that he was going to die at 1 a.m. and that Yvette Chass would die at 1 a.m. that night.

25  Yvette Chass then requested that the intake coordinator speak with Andy Prokopis, PhD., a family

26  friend and psychologist, who had recent contact and communication with Jeremiah Chass.  The

27  intake coordinator agreed to speak with Dr. Prokopis.

28         5.  Third Party Plaintiffs allege on information and belief, that at approximately 10:40 p.m. on

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

- 2 -
Third Party Complaint

1  March 11, 2007, the intake coordinator spoke with Dr. Prokopis regarding Jeremiah Chass'

2  psychological status.  Dr. Prokopis provided the intake coordinator with a history of Jeremiah

3  Chass' condition, described their recent interactions, including a meeting with Yvette Chass that

4  day, and a telephone conversation between Dr. Prokopis and Jeremiah Chass that occurred that

5  evening.  According to Dr. Prokopis, he reported to the intake coordinator that Jeremiah Chass was

6  exhibiting signs and symptoms of psychotic behavior, including statements by Jeremiah Chass that

7  he was going to die at 1 a.m. that night and that his mother would die, incoherent and delusional

8  descriptions of his "Formula for the Universe," rapid speech patterns, delusional references to other

9  voices speaking to him, anxious and emotional tone, and Jeremiah's apparent focus on internal

10  stimulation.  Dr. Prokopis advised the intake coordinator that he believed Jeremiah Chass required

11  emergency care and an immediate psychological assessment, as Jeremiah Chass was expressing

12  suicidal ideation and stating that his mother would die that evening.

13      6.   Despite Dr. Prokopis' apparent report of Jeremiah Chass' suicidal and possible homicidal

14  ideation, psychotic behavior, the other information set forth above, and statements that his mother

15  would die that night, both Mrs. Chass and Dr. Prokopis contend that the intake coordinator advised

16  them that they should wait until the morning to have Jeremiah Chass evaluated and treated, and

17  advised that he would likely not be seen at all in the emergency room even if they brought him in

18  that night, as Dr. Prokopis was urging.

19      7.   Third Party Plaintiffs allege on information and belief, that based upon the intake

20  coordinator's statements to Dr. Prokopis and Yvette Chass that Jeremiah Chass would not be

21  provided any medical or psychological services at the Hospital on the evening of March 11, 2007 or

22  the early morning of March 12, 2007, if Yvette Chass was to bring her son to Santa Rosa Memorial

23  Hospital emergency room, Yvette Chass did not take Jeremiah Chass to the emergency room for

24  medical care or a psychological evaluation.

25      8.   At all times herein mentioned, the intake coordinator was the agent, servant and employee

26  of Hospital, and as such, was acting within the time, place, purpose and scope of said employment

27  and agency, and Hospital ratified, authorized and approved the acts of the intake coordinator.

28  Additionally, at all times mentioned herein, the intake coordinator was licensed as a psychologist

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

- 3 -
Third Party Complaint

1    under the State of California

2    <u>**ALLEGATIONS REGARDING THIRD PARTY LIABILITY**</u>

3    **(Medical Malpractice – Claim for Indemnity)**

4       9.  Santa Rosa Memorial Hospital, by and through their employee and agent, had a duty and

5 obligation to provide medical and psychological care in a manner consistent with the standard of

6 care in the community, including the duty to provide medical and psychological advice to

7 individuals that seek emergency services from Hospital.  Hospital also had a duty and obligation to

8 provide emergency care and treatment pursuant to California Health and Safety Code Section 1317.

9       10.  On or about March 11, 2007, Yvette Chass sought medical and psychological care for her

10 minor child, Jeremiah Chass, by contacting Hospital and speaking with the intake coordinator.  The

11 intake coordinator, as an employee and agent of Hospital, undertook to provide medical and

12 psychological care, advice and consultation to Yvette Chass, and provided medical and

13 psychological advice through her consultation with Yvette Chass and Dr. Prokopis, thereby

14 establishing a duty and obligation to provide such professional advice through the consultation in a

15 manner that was consistent with the standard of care in the community.  Further, the intake

16 coordinator had a duty to provide emergency care pursuant to California Health and Safety Code

17 Section 1317.

18       11.  On or amount March 11, 2007, Hospital, by and through their employee, the intake

19 coordinator, failed to comply with the standard of care in the community and failed to comply with

20 the requirements of California Health and Safety Code Section 1317, in that, after being advised by

21 Yvette Chass and Dr. Prokopis that Jeremiah Chass was exhibiting symptoms of psychosis,

22 including suicidal and possible homicidal ideation and statements that Yvette Chass would die that

23 night, the intake coordinator negligently advised Yvette Chass to wait until the following morning

24 to bring Jeremiah Chass to the emergency.  Yvette Chass, after consultation with the intake

25 coordinator, and relying on the advice and professional opinions of the intake coordinator, did not

26 take Jeremiah Chass to the emergency room on the night of March 11, 2007.

27       12.  As a result of the negligence of Hospital and their employee and agent, the intake

28 coordinator, Jeremiah Chass was not taken to the emergency room and did not receive a

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

1  psychological evaluation or assessment.  Jeremiah Chass' psychological condition predictably

2  continued to deteriorate through the evening of March 11, 2007, and the early morning of March

3  12, 2007.  Jeremiah Chass, on the morning of March 12, 2007, became delusional and violent.

4  Jeremiah Chass assaulted his brother and threatened to kill his brother with a knife.  In response to

5  this assault and threat to kill his brother, Yvette Chass called 911 and requested assistance from

6  Third Party Plaintiffs.  Third Party Plaintiffs responded to Yvette Chass' request for emergency

7  services and were confronted with Jeremiah Chass in a violent, delusional, and homicidal state,

8  threatening to kill his brother, and armed with a knife.  During the evolving struggle, and in

9  response to the threat of great bodily harm or death to themselves and others, the officers justifiably

10  used deadly force against Jeremiah Chass.  Plaintiffs have filed a complaint for damages against

11  Third Party Plaintiffs as a result of said incident..

12      13.   Had the intake coordinator complied with the standard of care and advised Yvette Chass

13  that Jeremiah Chass should be brought to the emergency room for assessment, Jeremiah Chass

14  would have been transported to the emergency room and would have received treatment and/or

15  services that would have prevented his further mental decline.  Further, had Jeremiah Chass

16  received medical and psychological treatment and/or services at the Hospital emergency room, he

17  would not have assaulted his brother, or threatened to kill his brother on the morning of March 12,

18  2007.  The events that occurred on the morning of March 12, 2007, including the violent behavior

19  of Jeremiah Chass and the use of force against Jeremiah Chass were a foreseeable consequence of

20  Hospital's failure to comply with the standard of care.

21      14.   Additionally, Third Party Plaintiffs allege on information and belief, that Santa Rosa

22  Memorial Hospital had a duty to provide the intake coordinator with appropriate training and

23  guidance regarding her duties when responding to calls from individuals in the community.

24  Further, Santa Rosa Memorial Hospital had a duty to prepare and maintain policies and procedures

25  regarding the duties and obligations of the acute psychiatric unit's intake coordinator that complied

26  with the standard of care in the community.

27      15.   Third Party Plaintiffs allege, on information and belief, that Santa Rosa Memorial

28  Hospital failed to provide the intake coordinator with appropriate training and guidance regarding

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1   her duties as the intake coordinator for the acute psychiatric unit, and failed to maintain policies and

2   procedures regarding the duties and obligations of the acute psychiatric unit's intake coordinator.

3       16.   As a result of Santa Rosa Memorial Hospital's failure to provide the intake coordinator

4   with appropriate training and guidance regarding her duties as the intake coordinator for the acute

5   psychiatric unit, and their failure to maintain policies and procedures that complied with the

6   standard of care in the community, the intake coordinator failed to provide guidance, advice and

7   counsel to Yvette Chass that complied with the standard of care in the community.  As a result of

8   the negligent guidance, advice and counsel of the intake coordinator, Yvette Chass failed to seek

9   emergency care for Jeremiah Chass, resulting his eventual death.  The events that occurred on the

10  morning of March 12, 2007, including the violent behavior of Jeremiah Chass and the use of force

11  against Jeremiah Chass were a foreseeable consequence of Hospital's failure to comply with the

12  standard of care.

13      17.   Third Party Plaintiffs contend that, as between Third Party Plaintiffs  and third party

14  defendant Hospital, responsibility, if any, for the damages claimed by Plaintiffs rest entirely or

15  partially on Hospital.  As a result, Hospital is obligated to fully or partially indemnify Third Party

16  Plaintiffs for any sums that they may be compelled to pay as the result of any damages, judgment,

17  or other awards recovered by Plaintiffs against Third Party Plaintiffs.

18      18.   Third Party Plaintiffs desire a determination of the respective rights and duties of the

19  parties with respect to the damages claimed by Plaintiffs.  In particular, Third Party Plaintiffs desire

20  a determination of the comparative liability of Third Party Plaintiffs and Hospital for these damages

21  and a determination of Hospital's responsibility for comparative indemnity to Third Party Plaintiffs

22  for any sums that they may be compelled to pay and for which Third Party Plaintiffs are determined

23  responsible, entirely or in part.

24      19.   Such a determination is necessary and appropriate at this time in order that Third Party

25  Plaintiffs may ascertain their rights and duties with respect to Plaintiffs' claims for damages.

26  Furthermore, the claim of Plaintiffs and the claim of Third Party Plaintiffs arise out of the same

27  transaction, and determination of both in one proceeding is necessary and appropriate in order to

28  avoid the multiplicity of actions that would result if Third Party Plaintiffs are required now to

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1  defend against the claims of Plaintiffs and then bring a separate action against Hospital for

2  indemnification of sums that they may be compelled to pay as the result of any damages, judgment,

3  or other awards recovered by Plaintiffs against Third Party Plaintiffs.

4      Wherefore, Defendants and Third party Plaintiffs, COUNTY OF SONOMA, BILL

5  COGBILL, in his individual capacity and in his official capacity as Sheriff for the COUNTY OF

6  SONOMA, SONOMA COUNTY DEPUTY SHERIFF JOHN MISITA, and SONOMA COUNTY

7  DEPUTY SHERIFF JIM RYAN prays judgment against SANTA ROSA MEMORIAL HOSPITAL

8  as follows:

9      1.    For a judicial determination of the comparative fault of Third Party Plaintiffs

10      and Hospital for the damages claimed by Plaintiffs, if any;

11      2.    For a declaration of the amount that Hospital is obligated to indemnify Third

12      Party Plaintiffs if they are required to pay any sum as the result of any

13      damages, judgment or other awards recovered by Plaintiffs against Third

14      Party Plaintiffs;

15      3.    For costs of suit herein incurred; and

16      4.    For such other relief as the court may deem proper.

17

18  DATED: _____, 2008    GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, PC

19

20  By: _____

21  STEVEN C. MITCHELL, ESQ.
Attorneys for County of Sonoma,
County of Sonoma Sheriff's

22  Department, Deputies Misita and Ryan
and Sheriff Bill Cogbill

23

24

25

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

26

27

28

# EXHIBIT B

1   STEVEN C. MITCHELL, ESQ., SBN 124644
    LEO R. BARTOLOTTA, ESQ. SBN 186860
2   MATTHEW K. GOOD, ESQ., SBN 226962
    GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
3   37 Old Courthouse Square, Fourth Floor
    Santa Rosa, California  95404
4   Telephone:  (707) 545-1660
    Facsimile:  (707) 545-1876
5

6   Attorneys for Defendants and Third Party Plaintiffs
    COUNTY OF SONOMA, BILL COGBILL, SONOMA COUNTY
7   DEPUTY SHERIFF JOHN MISITA, SONOMA COUNTY DEPUTY
    SHERIFF JIM RYAN
8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12
    ESTATE OF JEREMIAH CHASS, MARK          CASE NO.:  CV 08 0111 MMC
13  CHASS, YVETTE CHASS, and I.C.,  a minor,
    by and through his Guardian Ad Litem,
14  YVETTE CHASS,                           STIPULATION RE:  FILING OF THIRD
                                            PARTY COMPLAINT
15          Plaintiffs,

16          v.

17
    COUNTY OF SONOMA, BILL COGBILL, in
18  his individual capacity and in his official
    capacity as Sheriff for the COUNTY OF
19  SONOMA, SONOMA COUNTY DEPUTY
    SHERIFF JOHN MISITA, SONOMA COUNTY
20  DEPUTY SHERIFF JIM RYAN, and DOES 1
    through 50,
21
22          Defendants and Third Party Plaintiffs,

23          v.

24
    SANTA ROSA MEMORIAL HOSPTIAL,
25
            Third Party Plaintiffs
26

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL  27
GRATTAN &
MITCHELL
P.C.       28

1    Plaintiffs, ESTATE OF JEREMIAH CHASS, MARK CHASS, YVETTE CHASS,

2  and I.C.,  a minor, by and through his Guardian Ad Litem, YVETTE CHASS have filed suit against

3  the Defendants COUNTY OF SONOMA, BILL COGBILL, in his individual capacity and in his

4  official capacity as Sheriff for the COUNTY OF SONOMA, SONOMA COUNTY DEPUTY

5  SHERIFF JOHN MISITA, and SONOMA COUNTY DEPUTY SHERIFF JIM RYAN , and others,

6  arising out of an incident which occurred on March 12, 2007, by and through their attorneys of

7  record, Andrew Schwartz and Patrick Emery.

8    Defendants and Third Party Plaintiffs are filing a motion for leave to file a third party

9  complaint seeking indemnification and contribution from third party defendant, Santa Rosa

10  Memorial Hospital.

11    Plaintiffs, by and through their attorney's of record hereby stipulate and agree that they do

12  not oppose Defendants request for leave to file the Third Party Complaint against Santa Rosa

13  Memorial Hospital pursuant to Federal Rules of Civil Procedure, Rule 14.

14

15

16  DATED: _____, 2008          ABBEY, WEITZENBERG, WARREN
                                                      & EMERY
17

18

19  By: _____
                                                         PATRICK EMERY, ESQ.
20                                                     Attorneys for Plaintiffs

21  DATED: ___8/1/08___, 2008               GEARY, SHEA, O'DONNELL, GRATTAN
                                                     & MITCHELL, PC
22

23

24  By: _____
                                                        STEVEN C. MITCHELL, ESQ.
25                                                    Attorneys for County of Sonoma,
                                                    County of Sonoma Sheriff's
26                                                  Department, Deputies Misita and Ryan
                                                    and Sheriff Bill Cogbill
27

28

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

- 2 -
Stipulation Re:  Filing of Third Party Complaint

1       Plaintiffs, ESTATE OF JEREMIAH CHASS, MARK CHASS, YVETTE CHASS,

2   and I.C., a minor, by and through his Guardian Ad Litem, YVETTE CHASS have filed suit against

3   the Defendants COUNTY OF SONOMA, BILL COGBILL, in his individual capacity and in his

4   official capacity as Sheriff for the COUNTY OF SONOMA, SONOMA COUNTY DEPUTY

5   SHERIFF JOHN MISITA, and SONOMA COUNTY DEPUTY SHERIFF JIM RYAN , and others,

6   arising out of an incident which occurred on March 12, 2007, by and through their attorneys of

7   record, Andrew Schwartz and Patrick Emery.

8       Defendants and Third Party Plaintiffs are filing a motion for leave to file a third party

9   complaint seeking indemnification and contribution from third party defendant, Santa Rosa

10   Memorial Hospital.

11       Plaintiffs, by and through their attorney's of record hereby stipulate and agree that they do

12   not oppose Defendants request for leave to file the Third Party Complaint against Santa Rosa

13   Memorial Hospital pursuant to Federal Rules of Civil Procedure, Rule 14.

14

15

16   DATED: _____August 1_____, 2008          ABBEY, WEITZENBERG, WARREN
                                                    & EMERY
17

18

19   By: _____
                                                    PATRICK EMERY, ESQ.
20                                                  Attorneys for Plaintiffs

21   DATED: _____, 2008          GEARY, SHEA, O'DONNELL, GRATTAN
                                                    & MITCHELL, PC
22

23

24   By: _____
                                                    STEVEN C. MITCHELL, ESQ.
25                                                  Attorneys for County of Sonoma,
                                                    County of Sonoma Sheriff's
26                                                  Department, Deputies Misita and Ryan
                                                    and Sheriff Bill Cogbill
27

28

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

- 2 -
Stipulation Re: Filing of Third Party Complaint

Case No: CV 08 0111 MMC        United States District Court, Northern District of California

## PROOF OF SERVICE

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is Geary, Shea, O'Donnell, Grattan & Mitchell, 37 Old Courthouse Square, Fourth Floor, Santa Rosa, CA 95404.

On August 1, 2008, I served the attached:

### DECLARATION OF STEVE C. MITCHELL RE: MOTION
### FOR LEAVE TO FILE A THIRD PARTY COMPLAINT

on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Andrew C. Schwartz, Esq.<br>Casper, Meadows, Schwartz & Cook<br>A Professional Corporation<br>California Plaza<br>2121 North California Boulevard, Suite 1020<br>Walnut Creek, CA 94596 | Telephone: 925/947-1147<br>Facsimile: 925/947-1131<br>Attorney for Plaintiffs |
| Patrick Emery, Esq.<br>Abbey, Weitzenberg, Warren & Emery<br>100 Stony Point Road, Suite 200<br>Santa Rosa, CA 95402-1566 | Telephone: 707/542-5050<br>Facsimile: 707/542-2589<br>Attorney for Plaintiffs |

/ X / (BY MAIL) I placed a copy of the above-described document in sealed envelope, with postage thereon fully prepared for First-Class Mail, addressed to the parties as set forth above, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Geary, Shea, O'Donnell, Grattan & Mitchell for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/_/ (BY OVERNIGHT DELIVERY, PURSUANT TO CCP '1013(c)) I placed such sealed envelope for collection and mailing by overnight delivery at Santa Rosa, California, within the ordinary business practices of Geary, Shea, O'Donnell, Grattan & Mitchell. I am readily familiar with the practices of Geary, Shea, O'Donnell, Grattan & Mitchell for processing overnight correspondence, said practice being that in the ordinary course of business, correspondence is either picked up by or delivered to the delivery company the same day as it is placed for processing.

/_/ (BY FACSIMILE) I caused the above-described document to be transmitted, pursuant to Rule 2008, by facsimile machine (which complies with Rule 2003(3)) to the parties at the number(s) indicated after the address(es) noted above. The transmission was reported as complete and without error.

///

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

87004.416

1    /_/  (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the parties at
2    the address(es) noted above.

3         I declare under penalty of perjury, under the laws of the State of California, that the
     foregoing is true and correct.  Executed at Santa Rosa, California, on August 1, 2008.

4

5                                                    _____
6                                                    Michelle A. Stewart

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LAW OFFICES OF
GEARY,      26
SHEA,
O'DONNELL   27
GRATTAN &
MITCHELL    28
P.C.

87004.416